UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON BOWEN,

    Petitioner,                               Civil No. 05-CV-72754-DT
                                              HONORABLE LAWRENCE P. ZATKOFF
v.                                                 UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on a petition for writ of habeas corpus brought by Marlon Bowen, ("petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. In his *pro se* application, petitioner seeks the issuance of a writ of a habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence on one count of delivery of more than fifty but less than 225 grams of cocaine, M.C.L.A. 333.7401(2)(a)(iii); M.S.A. 14.15 (7401(2)(a)(iii); and being a third felony habitual offender, M.C.L.A. 769.11; M.S.A. 28.1083. For the reasons stated below, petitioner's application for writ of habeas corpus is DENIED.

**I.    BACKGROUND**

Petitioner's conviction arose out of an incident which occurred on October 16, 2001. On March 13, 2003, petitioner pleaded guilty to delivering 55.17 grams of cocaine.

At petitioner's sentence on April 4, 2003, petitioner's counsel asked the trial court to sentence petitioner under the new sentencing provisions of Michigan's controlled substances law, which had gone into effect on March 1, 2003 pursuant to 2002 P.A. 665, and which eliminated the

1

mandatory minimum ten year sentence for petitioner's delivery charge. Petitioner's counsel argued that the more lenient sentencing provisions contained in 2002 P.A. 665 should apply to petitioner's case, because his sentencing occurred after the Public Act's enactment date of March 1, 2003. The probation department, in fact, had actually calculated petitioner's sentencing guidelines for his minimum sentence range at being 51-127 months for this offense. The prosecution argued that petitioner should be sentenced under the old statute, which called for a mandatory minimum ten year sentence for this offense. The trial court sentenced petitioner under the old statute, but agreed to depart below the mandatory minimum ten year sentence, in part because of the Michigan Legislature's recognition [in amending the penalties for controlled substances offenses] that mandatory minimum sentences were costly to the state. Petitioner was sentenced to eight to forty years in prison.

Petitioner's conviction was affirmed on appeal. *People v. Bowen,* 256537 (Mich.Ct.App. September 21, 2004); *lv. den.* 472 Mich. 916; 697 N.W. 2d 151 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The trial court should be required to resentence defendant under the new guidelines to the drug laws.
>
> II. Defendant should be resentenced under the guidelines because his present sentence violates his state and federal rights to be free from cruel and unusual punishment.
>
> III. The rule of lenity requires that defendant be resentenced under the guidelines.

## II. DISCUSSION

The petition for writ of habeas corpus must be dismissed because petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action

under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *See Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970). After undertaking the review that is required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner initially claims that he should be re-sentenced under the new, more lenient sentencing provisions of Michigan's controlled substances law, contending that 2002 P.A. 665, which reduced the penalties for his offense, should be applied retroactively to his case. The trial court sentenced petitioner under the version of M.C.L.A. 333.7401(2)(a)(iii), which provided a punishment of "not less than 10 years nor more than 20 years." Effective March 1, 2003, the punishment provision was amended pursuant to 2002 P.A. 665 to provide for "imprisonment for not more than 20 years or a fine of not more than $ 250,000.00, or both."

A habeas petitioner serving a state sentence has no federal constitutional right to retroactive application of more lenient state sentencing rules and is therefore not entitled to federal habeas relief on that ground. *See Dockins v. Hines,* 374 F. 3d 935, 940 (10th Cir. 2004). In addition, the Michigan

Court of Appeals has held that the new sentencing provisions contained within 2002 P.A. 665 should be applied only prospectively and only to those offenses committed on or after the effective date of the legislation, March 1, 2003. *See People v. Doxey,* 263 Mich. App. 115, 122; 687 N.W. 2d 360 (2004); *lv. den.* 472 Mich. 878; 693 N.W. 2d 818 (2005). Petitioner does not deny that the offense that he was convicted of occured prior to the enactment date of 2002 P.A. 665. Because the Michigan Court of Appeals has held that the provisions of 2002 P.A. 665 do not apply retroactively, petitioner's claim that the trial court should have sentenced him under the amended penalties contained in this Public Act does not merit habeas relief. *See Snook v. Wood,* 89 F. 3d 605, 611 (9th Cir. 1996). Moreover, this Court, sitting in federal habeas review, has no power to apply the "rule of lenity" to grant petitioner habeas relief, because this rule is one of statutory interpretation and nothing in the federal constitution requires a state court to apply the rule of lenity when interpreting a state statute. *See Sabetti v. Dipaolo,* 16 F. 3d 16, 19 (1st Cir. 1994).

Petitioner also contends that his sentence of eight to forty years in prison is cruel and unusual punishment. Petitioner's sentence of eight to forty years for delivery of over 50 but less than 225 grams of cocaine and being a third felony habitual offender were within the statutory limits for those offenses.[1] A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review,

---

[1] Because petitioner had been convicted of being a third felony habitual offender, he could receive a maximum sentence that was double the maximum sentence of the underlying felony. M.C.L.A. 769.11; M.S.A. 28.1083.

4

unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

The U.S. Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See Seeger v. Straub*, 29 F. Supp. 2d 385, 392 (E.D. Mich. 1998); *See also Brewster v. Kirby,* 954 F. Supp. 1155, 1160 (N.D. W. Va. 1997)((Eighth Amendment does not require that a federal court undertake a comparison of the gravity of the offense and the harshness of the penalty, sentences imposed for other crimes in the same jurisdiction, and sentences imposed for that crime in other jurisdictions, in connection with sentences that are less than life without parole).

In the present case, petitioner was convicted of delivering 55.17 grams of cocaine. Petitioner was also convicted under the third felony habitual offender statute of having two prior felony convictions. Under these circumstances, petitioner's sentence of eight to forty years in prison was not grossly disproportionate. *See Friday v. Straub,* 175 F. Supp. 2d 933, 941 (E.D. Mich. 2001)(sentence of 22 to 40 years' imprisonment was not cruel and unusual punishment, in violation of the Eighth Amendment, when the defendant, who was convicted of delivering *less than* 50 grams of cocaine, was sentenced as habitual offender, third offense)(emphasis added); *See also Sanders*

*v. McKee,* 276 F. Supp. 2d 691, 700 (E.D. Mich. 2003)(defendant's sentence to 15 to 40 years' imprisonment for delivering, and conspiring to deliver, *less than* 50 grams of cocaine was not grossly disproportionate, and thus, did not violate the Eighth Amendment's prohibition of cruel and unusual punishment, where his criminal history included a juvenile adjudication for delivery of cocaine and two previous drug convictions as an adult)(emphasis added).

### III.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2005.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290